Case 4:24-cv-01116   Document 33   Filed on 02/10/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT FRITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-01116 |
| | § | |
| WARNER BROS. DISCOVERY, INC., | § | |
| d/b/a TNT SPORTS f/k/a WARNER | § | |
| BROS. DISCOVERY SPORTS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant's Motion to Dismiss. Dkt. 16. Having considered the parties' briefing and the applicable law, the Motion to Dismiss is **GRANTED**.

### BACKGROUND[1]

On August 12, 2012, Plaintiff Robert Frith ("Frith") began working as a coordinating producer for the former AT&T SportsNet Southwest ("AT&T"). In response to the outbreak of COVID-19, AT&T required all its employees to be vaccinated against the virus.

Frith has multiple family members who have died from sudden cardiac arrest. Based on Frith's genetic and family history of sudden cardiac arrest, Frith's physician advised him against receiving the COVID-19 vaccine (the "Vaccine"). Frith submitted documentation of his physician's recommendation to AT&T to request an exemption from the Vaccine, which AT&T granted.

Frith contends his genetic predisposition and family history of sudden cardiac arrest is a disability because he must limit activities that induce stress,

---

[1] This section recounts the allegations in the operative complaint, which I must accept as true and construe in the light most favorable to the plaintiff at the motion to dismiss stage. *See Crane v. City of Arlington*, 50 F.4th 453, 461 (5th Cir. 2022).

avoid foods and activities that might cause cardiac issues, and avoid taking medications and pharmaceutical products that might cause heart inflammation.

Through a series of acquisitions, Frith became an employee of Defendant Warner Bros. Discovery, Inc. d/b/a TNT Sports f/k/a Warner Bros. Discovery Sports ("WBD") on December 26, 2021. Frith maintained the same position of coordinating producer with the same job duties. Frith reported to Tim Brown, who reported to David Peart ("Peart"), Assistant Vice President, Regional Sports Networks.

In June 2022, WBD required Frith to submit another application for an exemption from the Vaccine. Frith was informed that employees who were not fully vaccinated by September 6, 2022, would be terminated if their request for an exemption was not approved. Frith claims this requirement "came after multiple comments from management deriding those who had not taken the Vaccine and discounting any justification for an exemption from the Vaccine." Dkt. 15 at 4. For example, Frith alleges that "Peart told employees on an open call that he would not even say hello to employees who did not receive the Vaccine and falsely claimed that the 'unvaxxed' were responsible for the spread of the COVID-19 virus." *Id*.

Frith filed another exemption application, including documentation from his physician stating that Frith could not safely receive the Vaccine. At some point, Peart allegedly told Frith that it was not likely that Frith would receive an exemption. Frith followed up on the status of his exemption application every week with human resources but received no feedback on his request.

Between submitting his second exemption application and the September 6, 2022 deadline, Frith sought alternative employment. After receiving an employment offer, Frith alleges that he "believed that he had no choice but to [accept the employment offer and] resign or risk being unemployed." *Id*. at 6. Frith claims that he was constructively discharged on August 9, 2022, due to his alleged disability and WBD's refusal to accommodate his alleged disability by granting his exemption application in a timely fashion.

Frith filed this lawsuit, alleging that WBD (1) failed to accommodate his disability, resulting in his constructive discharge, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117; and (2) discriminated against him because of his disability in violation of the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§ 21.051–21.061. WBD has moved to dismiss Frith's claims.

## LEGAL STANDARD

All pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A defendant is entitled to dismissal when a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, a district court must demand "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (cleaned up).

When evaluating a motion to dismiss for failure to state a claim, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020). Dismissals under Rule 12(b)(6) are "disfavored." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). In ruling on a motion to dismiss, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

# ANALYSIS

A. **FRITH MUST ALLEGE A QUALIFYING DISABILITY TO PREVAIL UNDER THE ADA OR THE TCHRA.**

WBD advances a number of arguments as to why each of Frith's claims should fail. I need address only one. Each of Frith's claims require him to allege a "qualifying disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (a "qualifying disability" is a requirement for any claim under the ADA); *see also Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323 (5th Cir. 2021) ("A failure-to-accommodate claim [under the ADA] requires a showing that: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." (quotation omitted)); *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) ("To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." (cleaned up)); *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 440 (7th Cir. 2000) ("A claim of discriminatory constructive discharge would require a plaintiff to demonstrate . . . that she was constructively discharged on account of her disability.").[2] If Frith does not allege a qualifying disability, he cannot state a claim for relief. *See Carpintero v. Del Valle 969 Apts., Ltd.*, No. 1:23-cv-01176, 2023 WL 8274358, at *2 (W.D. Tex. Nov. 30, 2023) ("To state a claim under the ADA, a plaintiff must, among other things, allege a 'qualifying disability.' Because Plaintiff has not alleged a qualifying disability, she fails to state a claim on which relief may be granted." (quoting *Hale*, 642 F.3d at 499)); *Coleman v. Ark Contracting Servs., LLC*, No. 3:21-cv-2553, 2023 WL 159777, at *3 (N.D. Tex. Jan. 11, 2023) (establishing a

---

[2] "Given the similarity between the ADA and the TCHRA, Texas courts 'look to analogous federal precedent for guidance when interpreting the Texas Act.'" *Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 473–74 (5th Cir. 2006) (quoting *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999)).

"qualifying disability" is an element of any disability discrimination or failure-to-accommodate claim under the ADA or the TCHRA).

**B.    GENETIC PREDISPOSITION TO OR FAMILY HISTORY OF A DISABILITY IS NOT ITSELF A DISABILITY.**

"[T]he ADA defines 'disability' as 'a physical or mental impairment that substantially limits one or more major life activities of such individual.'" *Tucker v. Unitech Training Acad., Inc.*, 783 F. App'x 397, 399–400 (5th Cir. 2019) (quoting 42 U.S.C. § 12102(1)(A)). A disability can also be "a record of such an impairment" or "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(B)–(C). To determine whether a plaintiff alleges an impairment that renders him "disabled" within the meaning of the ADA, courts apply a three-step test first enunciated by the Supreme Court in *Bragdon v. Abbott*, 524 U.S. 624, 632–45 (1998). Under the *Bragdon* test, the plaintiff must: (1) establish that he suffers from a physical or mental impairment, (2) identify "major life activities" that are affected by the alleged impairment, and (3) demonstrate that the alleged impairment "substantially limits" those "major life activities." *See Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 182, 187 (5th Cir. 2011).

Here, Frith pleads the following in the Amended Complaint: (1) he is genetically predisposed to sudden onset cardiac arrest; and (2) this genetic predisposition "limits his life activities by [requiring] him to limit stress, and any foods or activities that might cause cardiac issues, as well as preventing him from taking medications/pharmaceutical products that might cause heart inflammation." Dkt. 15 at 3. Frith contends that "the 'major life activities' test for 'disability' under the ADA is met because eating/working are major life activities that Plaintiff must monitor constantly due to his sensitive heart." Dkt. 19 at 3. WBD retorts that Frith "does not plead that he *actually has* an impairment or a record of an impairment—merely that he has a family history of heart issues that *may* cause limitations at some undetermined time in the future." Dkt. 16 at 6. WBD argues that Frith has not alleged a qualifying disability. I agree.

### 1.   *Frith Fails to Allege an Impairment.*

An impairment is "any physiological disorder or condition that affects, among other body systems, respiratory and cardiovascular systems." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015) (cleaned up); *see also* 29 C.F.R. § 1630.2(h)(1). "[T]he EEOC's own interpretive guidance specifically states that 'the definition [of impairment] . . . does not include characteristic predisposition to illness or disease.'" *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1113 (8th Cir. 2016) (quoting 29 C.F.R. Pt. 1630, app. § 1630.2(h)). Accordingly, the Fifth Circuit has held that "being at risk of developing a condition is insufficient to state a disability-discrimination claim under the ADA." *Chancey v. BASF*, No. 23-40032, 2023 WL 6598065, at *2 (5th Cir. Oct. 10, 2023). Likewise, the Sixth Circuit has held that a genetic mutation "that might lead to a disability in the future" or "merely predisposes an individual to other conditions . . . is not itself a disability under the ADA." *Darby v. Childvine, Inc.*, 964 F.3d 440, 446 (6th Cir. 2020) (quotation omitted). These holdings track with other circuits' holdings that the ADA's "regarded as" prong does not "cover a situation where an employer views an applicant as at risk for developing a qualifying impairment in the future." *Shell v. Burlington N. Sante Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019) (collecting cases).

*Darby* is the most analogous case here. The plaintiff in *Darby* alleged "both a genetic mutation . . . *and* a medical diagnosis of abnormal epithelial cell growth." *Darby*, 964 F.3d at 445. It was the latter of these two allegations that carried the day for Darby. The Sixth Circuit found it "at least plausible that Darby [was] substantially limited in normal cell growth 'as compared to' the general population," and noted that "[t]he ADA's implementing regulations cite cancer as a condition that, 'at a minimum,' will qualify as an impairment that substantially limits a major life activity." *Id.* at 445–46 (quoting 29 C.F.R. § 1630.2(j)(3)(iii)). Accordingly, the Sixth Circuit held that Darby's "gene mutation and abnormal cell growth, though not cancerous, qualify as a disability under the ADA." *Id.* at 446.

But the Sixth Circuit observed that "a genetic mutation that is merely *capable* of altering normal cell growth cannot be an impairment." *Id.* (emphasis added). This holding is consistent with *Bragdon*, in which the Supreme Court held that HIV is a disability "because of its immediate effect on white blood cells and bodily functions, not because it will eventually develop into AIDs." *Id.* at 446 (citing *Bragdon*, 524 U.S. at 637). In other words, because Darby's genetic mutation had already affected her physical form—albeit at the cellular level—it qualified as a physical impairment.

Here, however, Frith's family history and genetic predisposition to sudden cardiac arrest do not presently affect his physical body. Unlike the abnormal cell growth in *Darby* or the altered white blood cells in *Bragdon*, Frith's alleged genetic predisposition and family history cause him no *physical* impairment. This fact alone is fatal to his disability discrimination and failure-to-accommodate claims.

### 2. *Frith Fails to Plead a Substantial Limitation.*

Even if Frith could establish a qualifying impairment under the first prong, he fails to allege a substantial limitation to any major life activities. Frith lists eating and working as the major life activities he "must monitor constantly due to his sensitive heart." Dkt. 19 at 3. It is firmly established that eating and working are major life activities. *See Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011) ("It is established in this circuit that eating is a major life activity."); *E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 654 (5th Cir. 1999) ("Working falls well within the phrase 'major life activity.'"). But Frith fails to plead how his family history and genetic predisposition substantially limit his ability to eat or work.

"Today, the inquiry as to whether a limitation is substantial requires assessing whether the plaintiff's impairment substantially limits his ability to perform a major life activity as compared to most people in the general population." *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023) (cleaned up); *see also* 29 C.F.R. § 1630.2(j)(1)(ii). In *Griffin*, a diabetic plaintiff claimed that his ability to eat was substantially limited "because diabetes

7

can, as a general matter, be a restrictive and debilitating condition, and Griffin could, if he did not follow his dietary regimen, suffer serious health consequences." 661 F.3d at 223. The Fifth Circuit rejected such a "hypothetical generalization[]," finding instead that "Griffin's diabetic condition requires only modest adjustments to his diet." *Id.* The Fifth Circuit held that "modest dietary measures [a plaintiff] must take to mitigate the effects of his condition" do not give rise to a disability. *Id.* The same is true here. Because Frith "is fully capable of eating and properly digesting food," his "claim that he is substantially limited in the major life activity of eating must fail." *Ingles v. Neiman Marcus Grp.*, 974 F. Supp. 996, 1002 (S.D. Tex. 1997) ("It is difficult to imagine that having to maintain a normal, healthy diet constitutes a disability."); *see also Hunter v. Crossmark*, No. SA-21-cv-00638, 2022 WL 1017915, at *4 (W.D. Tex. Apr. 5, 2022) (recommending dismissal of disability discrimination claim where plaintiff failed to "provide any allegations as to how her ability to eat was affected, how severely it was affected, or how long it was affected").

With regard to his ability to work, Frith states only that "he chose an occupation with Defendant that places minimal stress on his heart and physical exertion." Dkt. 19 at 4. "[B]ut 'when the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs.'" *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. 2012) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999)) (cleaned up).[3] Yet, Frith does not allege how his impairment has significantly restricted him from performing his job, much less a broad class of jobs. Because Frith has not alleged a substantial limitation to his ability to work, his pleading is "legally insufficient." *Mora*, 469 F. App'x at 298; *see also Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 876 (4th

---

[3] "In 2008, Congress amended the ADA and explicitly overturned *Sutton* with regards to mitigating measures but did not do so with regards to work restrictions." *Drerup v. Consol. Nuclear Sec., L.L.C.*, No. 21-10600, 2022 WL 3335780, at *3 n.18 (5th Cir. Aug. 12, 2022) (collecting cases).

Cir. 2020) (holding that the district court was not "required to infer that [plaintiff's alleged] 'difficulties' were substantial limitations . . . merely because he defined 'disability' and said he had one"); *Dancause v. Mount Morris Cent. Sch. Dist.*, 590 F. App'x 27, 28–29 (2d Cir. 2014) (affirming dismissal where, "short of reciting activities found in the statute that she could not 'adequately' perform, [the plaintiff] did not allege any *facts* from which a court could plausibly infer that her [alleged condition] substantially limited these major life activities").

## CONCLUSION

Because Frith has not alleged a qualifying disability under the ADA, Defendant's Motion to Dismiss (Dkt. 16) is **GRANTED**. I will issue a final judgment separately.

SIGNED this 10th day of February 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE